# Becker et al. v. Evangelical Hospital Ass'n Of Louisville.

May 31, 1949.

Oldham Clarke, Allen, McElwain, Dinning, Clarke & Ballantine and John W. Mueller for appellants.

Alfred C. Krieger, Sr. and Krieger & Huffaker for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellee, The Evangelical Hospital Association of Louisville, Kentucky, is the successor of Evangelical Deaconess Association which was incorporated in the year 1909. The Articles of Incorporation declared the nature, object, and purpose of the Corporation to be "to establish and carry on a Deaconess Home and Hospital, and educating, teaching, and instructing in Deaconess work, in harmony with the rules of the German Evangelical Synod of North America." The change in the corporate name was made by amendment to its Articles of Incorporation in the year 1922 and the nature, object, and purpose of the Corporation were changed and declared to be "to establish and maintain a hospital and training school for nurses." Appellant, Evangelical and Reformed Church, a Corporation, is the successor

of the German Evangelical Synod of North America, and is entitled to receive the assets of appellee should the latter dissolve or for any reason cease to exist.

Some funds were collected by appellee previous to the change of its corporate name, but it seems that the amount thereof was small. After the amendment to its Articles of Incorporation appellee entered upon a campaign for the purpose of raising money to carry out its purpose. The campaign resulted in the collection of $179,504.19, including the meager funds already on hand. The money so collected and on hand was invested, and now is worth approximately $440,000. Because this sum was deemed not sufficient to provide adequately the facilities necessary to carry out the purpose for which appellee was organized, no move was made in that direction until negotiations were commenced resulting in an agreement with the Louisville Conference of the Methodist Church. The agreement arrived at provides for combining the funds of appellee with a substantially larger sum in the hands of the Louisville Conference of the Methodist Church for the purpose of erecting a hospital to be known as ''The Methodist-Evangelical Hospital;'' the fee simple title to the property is to be held in the name of the Louisville Conference of the Methodist Church; the hospital will be managed by a Board of Trustees; three-fourths of the members of the Board will be selected by the Conference and one-fourth by appellee; and, in the event of liquidation any and all assets of the joint enterprise are to be divided between the Louisville Conference and appellee on a basis proportionate to the amount each shall have paid into the original cost of construction and improvements, without considering any contribution made by either party or anyone else toward operating costs or expenses. It is estimated that at least three million dollars will be required to erect a hospital to accommodate 210 patients, which is the goal of the parties.

This suit has been instituted for the purpose of obtaining a declaration of the right of appellee to enter into and carry out the agreement outlined above. In the campaign of 1922 there were two classes of contributors, viz., (1) general contributors to provide for a building and equipment for the Evangelical Hospital; and, (2)

special contributors to the furnishing of individual rooms as memorials to individuals, classes, or purposes to be designated by the subscribers. Appellant, Oscar Becker, a general contributor, was named defendant and was authorized by the Court to defend the action in behalf of all the contributors under (1), supra. Frieda W. Heller, a contributor to the furnishing of a room, was named defendant and was authorized by the Court to defend the action in behalf of all contributors under (2), supra. Appellant, the Evangelical and Reformed Church, a Corporation, which is the governing body of the Evangelical and Reformed Church and the successor of the Evangelical Synod of North America, which was the governing body of the Evangelical Church before its union with the Reformed Church, was named party defendant for the purpose of permitting it to assert any right it may have or claim to the assets of appellee.

The last named appellant (defendant below) entered its appearance and stated that it did not desire to make any affirmative defense, and joined appellee in the prayer of the petition. Appellants, Becker and Heller, in their representative capacities, joined issue with appellee in respect to all of the latter's contentions. The Chancellor approved the proposed plan and granted appeal to this Court. Learned counsel for all parties have filed able briefs in support of their respective contentions.

Appellants, Becker and Heller, contend that the charitable purpose to which they and their co-contributors donated has failed, and the proposed project is not within the express conditions of the charitable donations made to appellee; consequently the funds of appellee should not be applied to the joint enterprise.

Appellee contends: (1) that the proposed project fulfills the requirement that the contributions made in the year 1922 be used for the building and equipment of an "Evangelical Hospital;" but, if wrong in this contention (2) such right exists under the cy pres doctrine as adopted in Kentucky. It further argues that a delay in carrying out the purposes for which contributions were made, caused by the insufficiency of the fund, does not destroy the charity, and the proposed project

does not violate any condition imposed by the contributors on the fund; on the contrary, the funds will be used for the purpose intended by the contributors.

We think that to approach the solution of the case by attempting to apply the principles enunciated by this Court in its various decisions concerning the application of the cy pres doctrine merely would labor a question which can be answered simply and with little mental exertion. It is undenied that the funds in the hands of appellee are insufficient to purchase the site for, and erect, equip, and maintain a hospital which would serve a sufficient number of patients to adequately fulfill the purpose for which appellee was organized and to which the contributions were made. It follows that if some arrangement similar to the one proposed cannot be made appellee will have to be dissolved. In that event or if by failure to function more promptly or if for any other reason, the charity has failed, it would be the duty of the Board of Directors of appellee to dispose of its assets, and, in accordance with its Articles of Incorporation, pay the proceeds thereof to appellant, Evangelical and Reformed Church; or, if the Board of Directors should deem best, transfer the assets directly to the Evangelical and Reformed Church. The subscriptions were made and accepted subject to these conditions, which, in effect, disposed of any interest the subscribers otherwise might have had or might acquire by way of reversion or possibility of reverter. The general subscriptions were made to appellee to provide for a new building and equipment for the Evangelical Hospital and the special subscriptions were made for furnishing rooms in the proposed new Evangelical Hospital subject to the regulations prescribed by the Board of Directors. It seems to us that the primary object of the subscribers was to build, furnish, and maintain a hospital. If we are correct in this conclusion, such purpose will be accomplished under the proposed plan. But if this conclusion is erroneous, and it was the subscribers' intention to condition their subscriptions on the name to be given the hospital, such condition substantially will be met by naming the hospital as proposed, "Methodist-Evangelical Hospital." Certainly the Board of Directors of appellee, under its Articles of Incorporation and under the express provisions of the special subscrip-

tions, has the right to prescribe the manner of accomplishing what we consider to have been the primary purpose of the trust, and this authority will not be exceeded by entering into and carrying out the provisions of the proposed agreement. On the contrary, the trust fund in the hands of appellee will be administered more beneficially in accordance with the intention of the subscribers under the proposed plan than would be possible in building a separate hospital and operating it with limited facilities. Thus, it is manifest that the decision of the Chancellor is correct from either viewpoint; that is to say: If by inactivity over a period of twenty-seven years a forfeiture has been wrought, appellant, Evangelical and Reformed Church, alone has the right to complain of the proposed plan, and it has given its consent; on the other hand, if forfeiture has not been wrought by the lapse of time, the primary object and purpose of the trust will be accomplished and administered more beneficially in accordance with the intention of the subscribers than if the Board of Trustees of appellee were to attempt to operate without the aid to be given under the proposed plan.

The facts of the case closely resemble those in Scott-Lees Collegiate Institute v. Charles et al., 283 Ky. 234, 140 S. W. 2d 1060, 1063, wherein the Court said:

"Here, in order to support appellant's right to the trust estate, it is not necessary to resort to the Cy Pres Doctrine, or even to the universally recognized rule that a charitable trust will never be allowed to fail for want of a trustee to administer it. (Citation). The appellant is but the Matthew T. Scott, Jr., Academy and Industrial School under another corporate name, combined, it is true, with another corporate entity, the Lees Collegiate Institute, * * *."

The judgment is affirmed.